ERNEST COGGESHALL *vs.* HARBOR COMMISSION.

JUNE 13, 1929.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Barrows, and Murdock, JJ.

MURDOCK, J. This is a petition for a writ of *certiorari* to be directed to the Harbor Commission requiring said commission to certify for the inspection of this court its records relating to its proceedings in issuing to the Seaconnet River Fishing Company a license to set fish traps in certain public waters of the State and in denying an application of the petitioner for a similar license, to the end that said records may be quashed as illegal. The writ has been issued and said records are now before the court.

Chapter 1167 of the Public Laws, approved April 18, 1928, makes it unlawful for any person, without first obtaining a license so to do, to erect or maintain any fish trap within certain specified boundaries of the public waters of the State. The act confers jurisdiction on the Harbor Commission to issue such licenses but prohibits the granting of a license to erect a fish trap, any part of which would be less than three thousand feet from an adjoining trap, unless the interested parties by agreement in writing consent thereto.

Section 5 of the act is as follows: "Sec. 5. The harbor commission shall, where there are two or more applicants for licenses for the same location or for locations that are less than three thousand feet apart, determine which applicant has continuously during the fishing season occupied said location for the longer period of years, and the applicant who shall establish a priority of location shall if otherwise properly qualified, be entitled to receive a license for such location."

The Seaconnet River Fishing Co. applied for a license on the "Seal Rock String," so-called, on a location designated in the records of the Commission as 21 a, b, c; the petitioner applied for location 294 a, b, c. These two locations are within three thousand feet of each other. On February 25 of the present year the Commission, having before it a number of applications which were in conflict, sent a letter calling on the applicants either to file with the Commission an agreement in writing to the effect that the Commission

could grant licenses to both applicants under the provisions of Section 4 of said act or to file, not later than March 4, a statement in writing upon which the applicant would rely to establish his priority of location. The Seaconnet River Fishing Co. complied with the request of the Commission and submitted a statement in writing giving the periods during which it had occupied the location applied for by it. The petitioner paid no attention to the request of the Commission. He alleges in his petition that the letter of February 25, relating to the location in question, was never received by him but his counsel at the hearing before us stated that the petition could be heard as though the notice had been actually received. On March 20, the Commission met and disposed of a number of conflicting applications including the application of the Seaconnet River Fishing Co. and of the petitioner. A license was granted to the Seaconnet River Fishing Co. for location 21 a, b, c, and the application of the petitioner for location 294 a, b, c, was denied and notice of the decision of the Commission was sent forthwith to both parties. On March 27, counsel for the petitioner appeared before the Commission. He was permitted to examine the data supporting the claim of priority made by the Seaconnet River Fishing Co. and on April 3 again appeared before the Commission and presented an affidavit and other data in support of the petitioner's claim of priority which were received by the Commission and again on April 17 the Commission heard his counsel and received a letter signed by petitioner. On April 24 the Commission sent him notice that its action of March 20 was final.

The writ of certiorari can not be used to review rulings on questions of fact passed on by a commission vested with power to determine such questions. When the jurisdiction of such a commission is questioned, the court will sometimes inquire into the questions of fact for the purpose of determining if the facts necessary to give the commission or board jurisdiction were present, *Lonsdale Co.* v. *License*

*Commissioners,* 18 R. I. 5, *State* v. *Board of Aldermen,* 18 R. I. 381, but no question is raised by the petitioner as to the jurisdiction of the Commission in this case. The petitioner bases his complaint principally on the ground that the Commission did not have before it competent legal evidence upon which to make a decision and that there should have been a formal hearing at which witnesses could have been examined and cross-examined. The Harbor Commission is an administrative body. Its general duties are defined by Chapter 149, G. L. 1923. It is given general control and supervision of all the harbors and tidewaters of the State. It manages the public wharves, regulates depositing dirt in public waters, prevents encroachments upon navigable waters, marks out harbor lines and removes obstruction to navigation. It was upon this administrative commission that the General Assembly, by said Chapter 1167, imposed the duty of regulating trap fishing. The Commission has no power to administer oaths or to summon witnesses and no procedure is prescribed by the General Assembly for the Commission to follow in performing its duties.

The State has absolute control over fish and fisheries within the public domain and the General Assembly may exercise this control through a board or a commission. *Payne & Butler* v. *Providence Gas Co.,* 31 R. I. 295, 327. An applicant for a license to set fish traps in the public waters of the State is not asserting a property right. He is seeking a privilege and must be content with the means employed by the General Assembly in bestowing this privilege. No rules of procedure having been prescribed for the Harbor Commission to follow in determining these questions of priority, said Commission was free to make its own rules of procedure which will not be interfered with by us provided they are fair and reasonable. The Harbor Commission in disposing of these conflicting claims has acted under the advice of the Attorney General's department. The records, which are commendably well kept and complete, show that the Commission did not act in an arbitrary, unfair or illegal

manner. Notwithstanding the fact that the petitioner ignored the Commission's request for a written statement and did not appear until a week after he received notice of the denial of his application, the Commission nevertheless granted him hearings and received a statement from him in support of his claim of priority. It gave him full access to all of its records bearing on the controversy of priority of location between petitioner and the Seaconnet River Fishing Co. As to his treatment in this respect he has no just cause of complaint. He must rest his prayer for relief on the ground that the Commission did not conduct its deliberations in a manner that a judicial body would conduct the same. The procedure followed by the Commission appears to us to have been fair and reasonable and as the record before us discloses no arbitrary or unlawful action on the part of the Commission the writ of *certiorari* is quashed.

*Moore & Curry, Sheffield & Harvey, J. Russell Haire,* for petitioner.

*Oscar L. Heltzen,* Attorney General, for Commission.

*William MacLeod,* for Seaconnet River Fishing Co.